## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| STEVEN VICTOR FLEMMING, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-20 (CDL) |
| | : | |
| VANCE LAUGHLIN, Warden., | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On February 21, 2008, Petitioner Flemming, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). On May 1, 2008, in lieu of an Answer, Respondents filed a Motion to Dismiss and a memorandum in support of such, contending that Petitioner has failed to cooperate with removal efforts and failed to show that his removal would not be completed within the reasonably near future. (R-12). Petitioner was ordered to file a response (R-13), which was filed in this court on May 27, 2008. (14). On the same date, Petitioner filed a Motion to Amend his Petition for a Writ of Habeas Corpus. (R-15).

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. Petitioner is a native and citizen of St. Kitts-Nevis who entered the United States on September 23, 1991 as a Lawful Permanent Resident. (R-12-1).

2. On September 22, 1997, Petitioner was convicted in the Superior Court of Bartow County, Georgia of possession with intent to distribute cocaine and possession by ingestion of cocaine. *Id*. This conviction made Petitioner removable as an aggravated

felon and for his drug conviction. *Id.* Petitioner appealed the removal order, but on August 31, 2007, the Board of Immigration Appeals affirmed the removal order. *Id.* Petitioner has appealed that decision to the Eleventh Circuit Court of Appeals, and is still pending in that court. *Id.*

## LEGAL STANDARD

The standard for a Motion to Dismiss was recently altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. At 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

In his Application, the Petitioner argues that he has been unlawfully detained by the Department of Homeland Security, Immigration and Custom Enforcement (ICE) where his removal order is not valid. (R-1). He contends in what has been construed as a Memorandum in support of his petition, that he has not failed to cooperate with deportation efforts and that his removal from the United States is not reasonably foreseeable. (R-5). Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released. *Id.*

### **Application of the Law**

Petitioner's detention by the ICE pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).

3

Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[1] See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). The Attorney General may continue to detain an alien after the expiration of the ninety-day removal period. 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id.* at 701.

## I.  Forseeability of Removal

The six month presumption does not mean that every detainee not removed must be released after six months. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. Additionally, the Court of Appeals for the

---

[1] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Eleventh Circuit determined that "to state a claim under *Zadvydas*, the alien must not only show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). The Respondent filed a sworn declaration of Acting Supervisor Detention and Deportation Officer Ricky E. Eighmey in support of the Motion to Dismiss which stated that it was reasonably foreseeable that the Consulate of St. Kitts-Nevis would issue Petitioner's travel document in May. (R-17-2). As such, Petitioner has not met his burden and has failed state a claim upon which relief may be granted.

## II. Cooperation in Deportation

Federal Law provides that certain acts by aliens can allow the government to legally continue detention. One such act occurs when the alien prevents his removal from the United States.[2] If an alien acts to prevent removal, the removal period shall extend until the alien proves that he or she has complied with all statutory obligations. 8 C.F.R § 241.4(g)(1)(ii) ("the removal period is extended . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal"). Thereafter, ICE will have a reasonable period of time to remove the alien. *Id*.

Circuit courts have held that aliens who do not cooperate with ICE's removal efforts

---

[2] 8 U.S.C. § 1231(a)(1)(c) Suspension of Period
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

5

will fail in their habeas corpus petitions. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003) ("[w]e therefore join the existing chorus of courts and hold than an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with . . . effort's to remove him), *citing Lema v. I.N.S.*, 214 F.Supp.2d 1116 (W.D.Wash. 2002); *Powell v. Ashcroft*, 194 F.Supp.2d 209 (E.D.N.Y. 2002); Sango-Dema v. I.N.S., 122 F.Supp.2d 213 (D.Mass. 2000); *see also Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003) ("removable aliens should not be rewarded with release into the United States for their bad behavior in refusing to assist officials to effect their removal"); cf. *Jing Bin Tang v. Gonzales*, No. 4:06cv277, MP/WCS, slip op. at 8 (N.D. Fla. Oct. 13, 2006) ("Petitioner has caused the extended detention about which he now complains of because of his failure to comply").

In this case, the Respondent has presented the sworn statements of ICE Deportation Officer Hector M. Chavira (R-12-2) which provide clear evidence that Petitioner failed to cooperate with the deportation efforts of ICE. Specifically, the Respondent avers that Petitioner failed to provide his fingerprints when first requested, failed to sign certain documents and failed to provide his birth certificate. *Id.* Pursuant to legal authority, Petitioner cannot hinder his deportation and then complain of his continued detention.

### III.     Motion to Amend Petition

With regard to his Motion to Amend Petition, filed on May 27, 2008, Federal Rule of Civil Procedure 15(a) states that:

6

a party may amend the party's pleading once as a matter of course at any time **before a responsive pleading is served** or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Petitioner's Motion to Amend raises the same ground as was previously argued in his Memorandum in Support of his Petition filed on March 3, 2008. As such, Petitioner's Motion for Leave to Amend his § 2241 Application for a federal writ of Habeas Corpus is hereby DENIED as moot.

**WHEREFORE, IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that the detention of Petitioner continue. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of June, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw